JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  C 08 2325 WHA |
|     Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| v. | ) | **JUDGMENT PURSUANT TO 28 U.S.C. §** |
| | ) | **2201 AND INJUNCTIVE RELIEF** |
| KURT F. JOHNSON, | ) | **PURSUANT TO 18 U.S.C. § 1345** |
| | ) | |
|     Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by its undersigned attorneys, and complains and alleges as follows:

## NATURE OF THE ACTION

1.  The United States brings this action under 28 U.S.C. § 2201 for a declaratory judgment that certain documents filed by Defendant Kurt F. Johnson with the California Secretary of State against certain employees of the United States are null, void and without legal effect; and under 18 U.S.C. § 1345 for a judgment permanently enjoining Defendant from further violating 18 U.S.C. § 1341 (Mail Fraud) by filing and recording false liens against employees of the United States Government.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. §

COMPLAINT                1

1 | 2201.

2 | 3.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b).

3 | **PARTIES**

4 | 4.  Plaintiff is the United States of America.

5 | 5.  Defendant Kurt F. Johnson was formerly a resident of Sunnyvale, California, and is

6 | currently in the custody of the Bureau of Prisons at the Safford Federal Correctional Institution,

7 | P.O. Box 9000, Safford, Arizona, 85548.

8 | **FACTUAL ALLEGATIONS**

9 | 6.  On July 27, 2007, the defendant filed with the California Secretary of State a UCC

10 | Financing Statement, Document Number 07-7123956565 ("UCC Financing Statement") falsely

11 | describing as debtors the following persons and entities: (1) Bernard Zimmerman, (2) Joseph

12 | Spero, (3) Maria-Elena James, (4) Wayne Brazil, (5) D. Lowell Jensen, (6) James Larson, (7)

13 | William Alsup, (8) Susan Illston, (9) Samuel Alba, (10) James Keller, (11) Peter Axelrod, (12)

14 | Scott Schools, (13) Mark Krotoski, (14) Kevin Ryan, (15) Mary Dimke, (16) Brian Stretch, (17)

15 | Emui Choi, (18) Elise Becker, (19) Joann Swanson, (20) Steven Saltiel, (21) Anthony

16 | Sprueill, (22) Steven Robla, (23) William Kubitz, (24) Angie Lamie, (25) Robert Powers, (26)

17 | Tony Rivas, (27) Janet Augustine, (28) Charles Gillette, (29) John Orla, (30) Juan Perez, (31)

18 | Stacy Terrill, (32) Clettis Clinkenbeard, (33) Valerie Stewart, (34) Michael Bernhardt, (35) Martha

19 | Morataya, (36) Josh Cohen, (37) Geoffrey Hanson, (38) Gordon McDonald, (39) Matthew Ernst,

20 | (40) Joseph Fedyszen, (41) Holly Erikson, (42) Spero Stamos, (43) Kathia Colon, (44) William

21 | Leoni, (45) Matthew Jacobs, (46) Randall Conner, (47) Michael Berger, (48) Betty Ireland, (49)

22 | the American Bar Association, (50) the California Bar Association, (51) the National Bar

23 | Association, (52) the New York Bar Association, (53) the South Carolina Bar Association, (54)

24 | the Washington Bar Association, (55) the West Virginia Bar Association, (56) the American

25 | Federation of Government Employees, and (57) the Federal Bureau of Prisons.

26 | 7.  At all times pertinent to this action, Bernard Zimmerman, Joseph Spero, Maria-Elena

27 | James, Wayne Brazil, D. Lowell Jensen, James Larson, William Alsup, Susan Illston and Samuel

28 | Alba were United States District Judges or United States Magistrate Judges.

COMPLAINT                                       2

8.  At all relevant times pertinent to this action, James Keller, Peter Axelrod, Scott Schools, Mark Krotoski, Kevin Ryan, Mary Dimke, Brian Stretch, Eumi Choi, Elise Becker, Joann Swanson, and Steven Saltiel were employees of the United States Department of Justice.

9.  At all relevant times pertinent to this action, Anthony Spruiell, Steven Robla, William Kubitz, Angie Lamie, Robert Powers, Tony Rivas, Janet Augustine, Charles Gillette, John Orla, Juan Perez, Stacy Terrill, Clettis Clinkenbeard, Valerie Stewart, Michael Bernhardt, and Martha Morataya were employees of the Bureau of Prisons.

10.  At all relevant times pertinent to this action, Josh Cohen and Geoffrey Hanson were employees of the Office of the Federal Public Defender.

11.  At all relevant times pertinent to this action, Gordon McDonald, Matthew Ernst, Joseph Fedyszen, Holly Erikson, Spero Stamos, Kathia Colon, and William Leoni were employees of the Federal Bureau of Investigation.

12.  At all relevant times pertinent to this action, Matthew Jacobs, Randall Conner, and Michael Berger were attorneys in private practice.

13.  At all relevant times pertinent to this action, Betty Ireland was an employee of the West Virginia Secretary of State's Office.

14.  The UCC Financing Statement purports to encumber "assets, land, consumer goods, farm products, inventory, equipment, money, investment property, commercial tort claims, letters of credit, letter-of-credit rights, insurance policies, bonds, chattel paper, instruments, equities, deposit accounts, accounts, documents, security interest, licenses, privileges, beneficial interest, retirement accounts, and general intangibles, and all Debtor's rights in all such foregoing property, under strict foreclosure rights to the creditor though currently held in Debtor's possession, at $10,000,000.00 per actor/debtor and $50,000,000.00 per account to the current indebtedness of $1,230,000,000.00."

15.  Upon information and belief, the UCC Financing Statement was sent to the California Secretary of State through the U.S. Mail.

16.  On September 10, 2007,  the defendant filed with the Secretary of State of the State of California a UCC Financing Statement Amendment, Document Number 07-71290151 ("UCC

COMPLAINT                                   3

1    Financing Statement Amendment") falsely describing as additional debtors the following persons

2    and entities: (1) David Hall, (2) Briget Martin, (3) Edward Olsen, (4) Jonathan Schmidt, (5) Paul

3    Copenhaver, (6) Thomas Jones, (7) Teresa Butts, (8) Steven Tyrrell, and (9) Mary Peters.

4        17.  At all times pertinent to this action, David Hall, Brigid Martin, Edward Olsen, Jonathan

5    Schmidt, and Steven Tyrell were employees of the United States Department of Justice.

6        18.  At all times pertinent to this action, Paul Copenhaver, Thomas Jones, Teresa Butts were

7    employees of the Bureau of Prisons.

8        19.  At all times pertinent to this action, Mary Peters was an employee of the Department of

9    Transportation.

10       20.  Upon information and belief, the UCC Financing Statement Amendment was sent to the

11   California Secretary of State through the U.S. Mail.

12       21.  On October 9, 2007, the defendant filed with the Secretary of State of the State of

13   California a second UCC Financing Statement Amendment, Document Number 07-71327291

14   ("Second UCC Financing Statement Amendment"),which does not list any additional debtors, but

15   purports to transfer the defendant's security interest to Judge William Alsup of the United States

16   District Court for the Northern District of California.

17       22.  Upon information and belief, this second UCC Financing Statement Amendment was sent

18   to the California Secretary of State through the U.S. Mail.

19       23.  The UCC Financing Statement and the UCC Financing Statement Amendments were filed

20   by defendant Johnson in an effort to establish invalid liens against employees of the United States

21   and to wrongly and maliciously compel the payment of money by these employees.

22       24.  In order to file a UCC Financing Statement, a debt must be owed to the filer and the debtor

23   must authorize the filing of the UCC Financing Statement. *See* Cal. Com. Code §§ 9502(a),

24   9509(a)(1).

25       25.  The employees of the United States who are listed on the UCC Financing Statement and

26   the UCC Financing Statement Amendment have never been indebted to defendant Johnson for

27   payment or other performance, have never given defendant Johnson any security interest in their

28   assets or otherwise entered into any security agreement with defendant Johnson; have never dealt

COMPLAINT                                    4

or otherwise interacted with defendant Johnson other than in their respective official capacities, and never authorized the filing of a UCC Financing Statement or a UCC Financing Statement Amendment.

26.  The UCC Financing Statement and the UCC Financing Statement Amendment are specifically designed to molest, interrupt, hinder, intimidate or impede employees of the United States in the good faith performance of their official duties.

27.  The UCC Financing Statement and the UCC Financing Statement Amendment are without any legal basis whatsoever, and are solely designed to harass federal employees in their personal lives for the performance of their official duties, and thus impose immediate and irreparable harm upon them.

28.  The UCC Financing Statement and the Financing Statement Amendment pose an immediate and irreparable injury upon the United States of America by impeding, obstructing and impairing the execution of the official duties of its employees or officers.

29.  Upon information and belief, unless enjoined, Defendant will continue to file and record false and fraudulent liens and other documents against employees of the United States.  For example, the Bureau of Prisons recently intercepted an additional UCC Financing Statement Amendment prepared by Defendant, which lists additional purported debtors, which was contained in an envelope addressed to the Clerk of the United States District Court for the Northern District of California.

**FIRST CAUSE OF ACTION**
**(INJUNCTION AGAINST VIOLATIONS UNDER 18 U.S.C. § 1345(a)(1))**

30.  Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31.  Pursuant to 18 U.S.C. § 1345(a)(1), upon a showing that defendants are violating or about to violate 18 U.S.C. § 1341 (Mail Fraud), the United States is entitled to an order enjoining all future fraudulent conduct.

32.  Defendant's conduct, as described herein, constitutes violations of 18 U.S.C. § 1341 (mail

COMPLAINT                                  5

fraud) in that he has formed a scheme or artifice to defraud the United States employees identified above and the public by making material misrepresentations, including but not limited to misrepresentations that the employees are indebted to Defendant, have granted Defendant a lien in their property, and have authorized the filing of a UCC Financing Statement. Defendant has used the U.S. mails and commercial interstate carriers to further his fraudulent scheme. Defendant has used the mails in furtherance of his fraudulent scheme with the specific intent to deceive or defraud.

33. The United States is entitled to an order pursuant to 18 U.S.C. § 1345(a)(1) permanently enjoining Defendant, his agents, employees, and all others in active concert or participation with Defendant from filing or recording any documents which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.

34. The public interest will be served by an order permanently enjoining Defendant, and all those in active concert or participation with him from filing, or attempting to file, any document or instrument which purports to create a nonconsensual lien against the property of any federal officer or employee.

**SECOND CAUSE OF ACTION
(DECLARATORY JUDGMENT)**

35. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. The filing of the UCC Financing Statement and the UCC Financing Statement Amendment has created a case of actual controversy within the jurisdiction of this Court.

37. The UCC Financing Statement and the UCC Financing Statement Amendment falsely represent that the named employees are indebted to Defendant, and that they have granted him a security interest in their property.

38. The United States is entitled to an order pursuant to 28 U.S.C. § 2201 declaring that the UCC Financing Statement and the UCC Financing Statement Amendment are null, void, and of no legal effect.

39. The public interest will be served by an order declaring the UCC Financing Statement and the UCC Financing Statement Amendment to be null and void.

WHEREFORE, the plaintiff, the United States of America, respectfully prays as follows:

A.  That the Court determine, adjudge and declare that the UCC Financing Statement, Document Number 07-7123956565, filed on July 27, 2007, to be null, void, and of no legal effect;

B.  That the Court determine, adjudge and declare that the UCC Financing Statement Amendment, Document Number 07-71290151, filed on September 10, 2007, to be null, void, and of no legal effect;

C.  That the Court determine, adjudge and declare that the UCC Financing Statement Amendment, Document Number 07-71327291, filed on October 9, 2007, to be null, void, and of no legal effect.

D.  That the Court grant leave to file any order or judgment obtained in the present case with the Secretary of State of the State of California, and in the public records of any jurisdiction where documents identical or similar to the UCC Financing Statement and UCC Financing Statement Amendments may have been filed by the defendant;

E.  That the Court permanently enjoin Kurt F. Johnson, his agents, employees, and all others in active concert or participation with the defendant from filing, or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States;

F.  That the United States of America be awarded its costs and reasonable attorneys' fees incurred in this action; and

G.  That the Court grant such other and further relief as the Court deems to be just and proper.


Dated:  May 5, 2008                           Respectfully submitted,

                                              JOSEPH R. RUSSONIELLO
                                              United States Attorney


                                              _____
                                              EDWARD A. OLSEN
                                              Assistant United States Attorney

COMPLAINT                          7