JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 08-2325-JSW |
|    Plaintiff, ) | |
| v. ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S "MOTION TO QUASH – DEMUR – AND/OR BILL OF PARTICULARS"** |
| KURT F. JOHNSON, ) | |
|    Defendant. ) | |

## I.  INTRODUCTION

The government hereby opposes Defendant Kurt F. Johnson's "Motion to Quash – Demur – and/or Bill of Particulars."

## II.  FACTS AND PROCEDURAL HISTORY

The government filed the above-entitled action on May 5, 2008, seeking a declaration that certain documents filed by Defendant Kurt F. Johnson ("Defendant") with the California Secretary of State against certain employees of the United States are null, void and without legal effect, and seeking a judgment permanently enjoining Defendant from further violating 18 U.S.C. § 1341 (Mail Fraud) by filing and recording false liens against employees of the United States. *See* Docket No. 1.

On May 27, 2008, Defendant filed (but did not serve) a document entitled "Motion to Quash

GOVERNMENT'S OPPOSITION TO DEFENDANT'S  MOTION TO QUASH – DEMUR –
AND/OR BILL OF PARTICULARS	1

Service of Summons Or Request For An Extension of Time," contending that although he had received the government's summons and complaint, he only saw these documents for thirty seconds and did not have access to the summons or complaint. *See* Docket No. 10. In response to this motion, the government filed and served a non-opposition to Defendant's request for additional time to respond to the complaint, stating that it did not object to a thirty-day extension of time for Defendant to respond to the complaint. *See* Docket No. 13. This Court then issued an Order on June 13, 2008, extending the date by which Defendant was required to respond to the complaint to July 14, 2008. *See* Docket 15.

On July 11, 2008, Defendant filed (but did not serve) a "Motion for Continuance to Answer," again stating that although he had been served with the complaint, the complaint was promptly removed from his possession without any opportunity to read the complaint or respond to it. *See* Docket No. 16. In response to this motion, the government filed and served a non-opposition to Defendant's request for additional time (to August 9, 2008) to respond to the complaint and, as a matter of courtesy, mailed another copy of the complaint to the Defendant. *See* Docket Nos. 17 and 18.

On July 31, 2008, Defendant filed (but did not serve) a "Demand for Reservice of Complaint," stating that he still did not have access to the complaint and demanding that the government supply him with another copy. *See* Docket No. 19. In response to this demand, the government informed the Court on August 12, 2008, that it did not object to another brief extension of time (to August 26, 2008) for Defendant to file a response to the complaint and, on August 12, 2008, sent yet another copy of the complaint to Defendant, this time by certified mail. *See* Docket No. 21.

On August 11, 2008, Defendant filed (but did not serve) a "Motion to Quash – Demur – and/or Bill of Particulars," in which he acknowledged that he received a copy of the complaint. *See* Docket No. 22. In response to this motion, the Court issued an Order on August 13, 2008, setting a briefing schedule on Defendant's "Motion to Quash – Demur – and/or Bill of Particulars." *See* Docket No. 23. Under the Court's briefing schedule, the government must file an opposition to the Defendant's motion no later than August 29, 2008, and the Defendant must file a reply, if any, no later than September 12, 2008.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH – DEMUR – AND/OR BILL OF PARTICULARS          2

### III. DISCUSSION

In response to the complaint, Defendant has filed a document entitled "Motion to Quash – Demur – and/or Bill of Particulars," stating that he "would very much like to be excused from this action." Motion at 2. In his motion, Defendant does not dispute any of the allegations in the complaint. Rather, he contends that "service of the summons and complaint should be quashed and a demur should be granted because the party to the suit is not the party served." Motion at 1. According to Defendant: (1) KURT F. JOHNSON in all capital letters is not his given name; and (2) the secured party listed on the UCC Financing Statement and Amendments he filed with the California Secretary of State is KURT JOHNSON in all capital letters, which is an "an organization – a fiction," whereas he is a living soul. Motion at 1-2.

This type of "name game" argument has been uniformly rejected by the courts as frivolous. *See, e.g., American Silver LLC v. Emanuel Covenant Communities*, 2007 WL 1468600, at *3 (D. Utah 2007) (characterizing the defendants' argument – that if one uses all capital letters in a name then that is different than using only lowercase letters or capitalizing the first letter – as absurd, and stating that "such 'name game' arguments have been found to be patently meritless, frivolous, and rejected by other courts."); *United States v. Gonzalez*, 2007 WL 805992, at *3 (4th Cir. 2007) (per curiam) (concluding that the defendants' argument – that because the indictment spelled their names using all capital letters, the government failed to properly identify them as "real, live flesh and blood M[en]" – was completely frivolous); *United States v. Bradley*, 2001 WL 997428, at *1 (6th Cir. 2001) (rejecting "frivolous tax protestor arguments" including the argument that "'Edgar Francis; Bradley' is a natural born man of the State of Ohio, while 'Edgar F. Bradley' is merely a corporate fiction"); *United States v. Luginbyhl*, 2007 WL 2344911, at *2-3 (N.D. Okla. 2007) (stating that defendant's argument concerning the use of capital letters in case captions and court documents "is not new to the Court" and that "[t]his Court and other courts have heard similar arguments and have consistently rejected these arguments are meritless."); *Norris v. Clerk of Court*, 2008 WL 824004, at *2 n.1 (D. Ariz. 2008) (same); *cf. Shaw Construction Co. v. Commissioner of Internal Revenue*, 323 F.2d 316, 319 (9th Cir. 1963) ("[T]he government is not required to acquiesce in the form chosen by taxpayers for doing business and, if the form is unreal

1  and sham, the fiction may be disregarded for purposes of the tax statutes.").[1]  The government
2  respectfully asks the Court to reject Defendant's thinly-veiled attempt to avoid responsibility for
3  his actions.
4      Although Defendant also seeks a "bill of particulars," the reference to a bill of particulars was
5  deleted from Federal Rule of Civil Procedure 12 by a 1946 amendment to that Rule.  *See CMAX v.*
6  *Hall*, 290 F.2d 736, 738 n.2 (9th Cir. 1961).  To the extent Defendant's reference to a "bill of
7  particulars" can be read as a motion for a more definite statement pursuant to Federal Rule of Civil
8  Procedure 12(e), the government respectfully asks this Court to deny this motion because the
9  complaint is not so vague or ambiguous that Defendant cannot reasonably be required to frame an
10  answer.  *See* Fed. R. Civ. P. 12(e).

## VI.  CONCLUSION

For the reasons set forth above, the government respectfully asks this Court to deny Defendant's "Motion to Quash – Demur –and/or Bill of Particulars."

Dated:   August 28, 2008          Respectfully submitted,

JOSEPH R. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney

---

[1] Defendant's reference to the rule of *idem sonans* (names are the same that sound the same) is perplexing because, if that rule had any application whatsoever to this case, it would actually undercut the Defendant's argument that KURT F. JOHNSON and Kurt F. Johnson should be regarded as different names.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S  MOTION TO QUASH – DEMUR – AND/OR BILL OF PARTICULARS       4